951 F.2d 1324
 139 L.R.R.M. (BNA) 2224, 293 U.S.App.D.C. 57
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
SYNERGY GAS CORPORATION, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 91-1165.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 14, 1992.
 
 Before WALD, SILBERMAN AND SENTELLE, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This cause came on to be heard on a petition for review of an order of the National Labor Relations Board, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the petition for review is hereby denied, and the Board's cross application for enforcement is granted. The Board is required to deny an award of backpay only when the claimant has willfully concealed interim employment. See American Navigation Co., 268 N.L.R.B. 426, 428 (1983). The question whether Mr. DePolito's inaccurate and inconsistent statements concerning County-Wide Appliance Service were willful depends on an assessment of his credibility, and the Board's decision to credit his explanation is entitled to substantial deference. See Conair Corp. v. NLRB, 721 F.2d 1355, 1368 (D.C.Cir.1983), cert. denied, 467 U.S. 1241 (1984). The Board considered carefully Synergy's allegations of fraudulent concealment and the facts supporting those allegations, and we find nothing in the record that compels us to disturb the Board's finding that Mr. DePolito's misstatements were due only to inadvertence or incompetence. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.